


D. Maimon Kirschenbaum
JOSEPH KIRSCHENBAUM LLP
32 Broadway, Suite 601
New York, NY 10004
(212) 688-5640
(212) 981-9587 (fax)

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------x
**BILAL GADIT,**

        **Plaintiff,**

  v.

**THE SOLOMON PAGE GROUP, LLC, and**
**SIGNATURE BANK,**

        **Defendants.**
-----------------------------------------------------------x

CASE NO.

**COMPLAINT**

Plaintiff Bilal Gadit alleges as follows:

## JURISDICTION AND VENUE

1. Plaintiff Bilal Gadit brings this action against Defendants The Solomon Page Group, LLC, and Signature Bank alleging claims of retaliation and interference in violation of the Family and Medical Leave Act ("FMLA"), 28 U.S.C. §§ 2601, et seq., and discrimination claims under the New York City Human Rights Law ("NYCHRL").

2. This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the FMLA. This Court has supplemental jurisdiction over the New York state law claims brought under the NYCHRL, as they are so related to the claims in this action within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

1

3. Venue is proper in this District because Defendants conduct business in this District, and the acts and/or omissions giving rise to the claims herein alleged took place in this District.

## PARTIES

4. Defendant The Solomon Page Group, LLC ("Solomon Page") is a New York limited liability company headquartered in New York. Solomon Page is a specialty niche provider of staffing and executive search services organized across a variety of functions and industries, including financial services.

5. Defendant Signature Bank ("Signature Bank," together with Solomon Page, "Defendants") is a corporation formed under the laws of the state of New York. Signature Bank is headquartered in New York.

6. Plaintiff Bilal Gadit worked for Signature Bank as an Analyst in its Enhanced Due Diligence department for roughly 4 years ending in March 2022. In that capacity, Defendants jointly employed Plaintiff.

7. Solomon Page placed Plaintiff at Signature Bank.

8. Before Plaintiff began working at Signature Bank, he interviewed with the bank, and was then informed by Solomon Page that Signature extended him an offer of employment.

9. Solomon Page set Plaintiff's rate of pay.

10. Solomon Page provided Plaintiff with benefits such as an offer of health insurance and participation in its profit-sharing plan.

11. Solomon Page issued Plaintiff's paychecks and was identified as Plaintiff's employer on Plaintiff's W-2 form each year that he worked for Signature Bank.

12. Throughout Plaintiff's employment at Signature Bank, Signature Bank employees gave Plaintiff his assignments. Specifically, Plaintiff's tasks were assigned to him through Signature Bank's internal system.

13. Plaintiff's work was reviewed by Signature Bank employees, including Signature Bank Team Lead Oi Yuk Chen and others.

14. Signature Bank made the decision to terminate Plaintiff's employment. Specifically, although Solomon Page informed Plaintiff that his employment was terminated, Solomon Page told Plaintiff that Signature Bank had terminated his employment.

## FACTS

15. Plaintiff began working for Defendants in mid-2018 as an analyst at Signature Bank.

16. Plaintiff was an excellent employee and was never formally or informally disciplined during his employment with Defendants.

17. Plaintiff's child was born in March of 2021.

18. In early 2022, Plaintiff took FMLA-protected leave to bond with his child.

19. When Plaintiff returned to work in March 2022, he was unable to access the internal computer system at Signature Bank. Upon further inquiry, Plaintiff learned from Defendants that his position at Signature Bank was terminated.

20. Defendants did not provide any legitimate reason for terminating Plaintiff's employment, and it is clear that Defendants simply chose not to allow Plaintiff to return to his position after his FMLA-protected leave.

21. Defendants replaced Plaintiff with another employee who did not take FMLA-protected or other caregiver-related leave.

22. Since Plaintiff's employment ended, he has not attained new employment, despite is diligent efforts.

23. As a result of his termination, Plaintiff has suffered economic loss and experienced emotional distress.

**FIRST CLAIM FOR RELIEF**
**(FMLA Retaliation and Interference**
**with FMLA Leave – 29 U.S.C. § 6501** *et seq.*)

24. Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

25. Defendants are employers under the FMLA, as they each employed more than 50 employees within a 75-mile radius.

26. In violation of the FMLA, Defendants intentionally discriminated/retaliated against Plaintiff because he took FMLA-protected leave.

27. In violation of the FMLA, Defendants interfered with Plaintiff's ability to take protected leave.

28. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered, and continues to suffer, substantial monetary damages, including but not limited to loss of income, including past and future salary, and benefits.

29. As a result of Defendants' unlawful conduct, Plaintiff is entitled to compensatory damages, liquidated damages, interest, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

**SECOND CLAIM FOR RELIEF**
**(New York City Human Rights Law ("NYCHRL")**
**N.Y.C. Admin. Code §§ 8-101** *et seq.* **–Discrimination)**

30. Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

31. In violation of the NYCHRL, Defendants discriminated against Plaintiff on the basis of his parental/caregiver status by terminating his employment.

32. As a direct and proximate consequence of Defendants' discrimination against Plaintiff, Plaintiff suffered, and continues to suffer, substantial monetary damages, including, but not limited to, a loss of income and employment benefits.

33. As a direct and proximate consequence of Defendants' discrimination against Plaintiff, Plaintiff suffered, and continues to suffer, substantial non-monetary damages, including, but not limited to, emotional distress, physical pain and suffering, damage to Plaintiff's good name and reputations, lasting embarrassment, humiliation and anguish.

34. As a result of Defendants' unlawful conduct, Plaintiff is entitled to compensatory damages, including but not limited to backpay, lost employment benefits, and damages for emotional distress, as well as front pay, punitive damages, pre- and post-judgment interest, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendants as follows:

(A) For compensatory, liquidated and punitive damages in an amount to be determined by the trier of fact;

(B) For reasonable attorneys' fees, interest, and costs of suit;

(C) For such other and further relief as the Court may deem just and equitable.

| | |
|---|---|
| Dated: New York, New York<br>May 12, 2022 | Respectfully submitted,<br>JOSEPH & KIRSCHENBAUM LLP<br><br>By: */s/ D. Maimon Kirschenbaum*<br>D. Maimon Kirschenbaum<br>32 Broadway, Suite 601<br>New York, NY 10004<br>Tel: (212) 688-5640<br>Fax: (212) 981-9587 |

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial on all causes of action and claims with respect to which he has a right to jury trial.