# MINTZ & GOLD LLP
ATTORNEYS AT LAW

STEVEN W. GOLD
STEVEN G. MINTZ*
JEFFREY D. POLLACK*
ELLIOT G. SAGOR
IRA LEE SORKIN
LON JACOBS
STEVEN A. SAMIDE
SCOTT A. KLEIN
TERENCE W. MCCORMICK***
ROBERT B. LACHENAUER
ROGER L. STAVIS
CHARLES A. ROSS**
RICHARD M. BRESLOW
BARRY M. KAZAN*
CRAIG D. SPECTOR*
KEVIN M. BROWN
ALEXANDER H. GARDNER
HEATH LORING
PETER GUIRGUIS
ANDREW R. GOTTESMAN
MATTHEW S. SEMINARA
JULIA B. MILNE
RYAN W. LAWLER*
ADAM K. BRODY
ANDREW E. STECKLER
ALEX J. OTCHY*
CARLI M. ABERLE
ZACHARY J. TURQUAND
SITIE "ESTHER" TANG

600 THIRD AVENUE
25TH FLOOR
NEW YORK, NEW YORK 10016

TELEPHONE (212) 696-4848
FACSIMILE (212) 696-1231
www.mintzandgold.com

SENIOR COUNSEL

JACK A. HORN
NOREEN E. COSGROVE
TIMOTHY J. QUILL, JR.

OF COUNSEL

HONORABLE VITO J. TITONE (dec.)
(NY State Court of Appeals 1985-1998)

HARVEY J. HOROWITZ (dec.)

HONORABLE HOWARD MILLER
(NY Appellate Div. 1999-2010 [ret.])

ALAN KATZ
ERIC M. KUTNER
MARC B. SCHLESINGER*
BRIAN T. SAMPSON
ERICA NAZARIAN
TARA SHAMROTH
JARED VAN VLEET
ANDREW P. NAPOLITANO⁺

⁺ADMITTED TO PRACTICE ONLY BEFORE ALL
COURTS IN NEW JERSEY AND ALL FEDERAL COURTS
IN NEW YORK CITY

*ALSO ADMITTED IN NEW JERSEY
**ALSO ADMITTED IN FLORIDA
***ALSO ADMITTED IN CALIFORNIA

June 6, 2022

**Via ECF:**
Hon. Naomi Reice Buchwald
United States District Court
Southern District of New York
500 Pearl St.
New York, NY 10007-1312

   Re: *Gadit v. Solomon Page Group, LLC*, 1:22-cv-03875 (NRB)

Dear Judge Buchwald:

   We represent Defendants Solomon Page Group, LLC, and Signature Bank ("Defendants") in the above-captioned action. Pursuant to Your Honor's Individual Practice Rules, we write to request a pre-motion conference to file a pre-answer motion to dismiss the Complaint (*See* Dkt No. 1) for failure to adequately plead claims under both the Family Medical Leave Act ("FMLA") (29 U.S.C. 2600 *et seq*.) and New York City Human Rights Law ("NYCHRL") (N.Y.C. Admin. Code §8-107 *et seq*.).

## FMLA

   Generally, an employee is eligible for a total of 12 workweeks of leave for the birth/adoption of a child if they have worked i) for the employer for at least 12 months and ii) for

MINTZ & GOLD LLP
ATTORNEYS AT LAW

June 6, 2022
Page 2

at least 1,250 hours during the 12 months preceding the FMLA leave. 29 U.S.C. §§ 2611(2)(A), 2612(a)(1)(A)-(B).

*FMLA Interference:*

To set forth a *prima facie* case of interference, a plaintiff must adequately plead that they (1) are eligible for leave; (2) their employer is covered under the FMLA; (3) they are entitled to take leave; (4) they gave notice of their intent to take leave; *and* (5) they were denied FMLA benefits. *See Greenberg v. State Univ. Hosp. Downstate Med. Cntr.*, 838 F. Appx. 603, 605 (2d Cir. 2020) (citing *Graziadio v. Culinary Inst. of Am.*, 817 F.3d 415, 424 (2d Cir. 2016)).

Plaintiff's complaint fails to meet the first, third, fourth, and fifth pleading requirements. (Dkt No. 1.) First, Plaintiff deficiently alleges that he worked for Defendants for approximately three and a half years before taking leave, but fails to allege that he worked the requisite number of hours in a 12-month period to qualify for leave. (Dkt No. 1 ¶ 15, 18); *see Bernheim v. N.Y.C. Dept. of Educ.*, 2021 WL 2619706, at *5 (S.D.N.Y. 2021) (explaining it is well established conclusory allegations that employee worked full-time for employer will not satisfy hours requirement) (quoting *Daly v. Westchester Cnty. Board of Legislators*, 2021 WL 229672, at *11 (S.D.N.Y. 2021)); *see also Smith v. Westchester Cnty.*, 769 F. Supp.2d 448, 465 (S.D.N.Y. 2011)). Secondly, Plaintiff does not allege that he gave Defendants notice of his intent to take FMLA leave. (Dkt No. 1 ¶ 18.) Lastly, the complaint fails to establish that any of Plaintiff's FMLA benefits were denied. (Dkt No. 1.) The only FMLA benefit mentioned in Plaintiff's complaint is FMLA leave, and Plaintiff fails to allege that his leave was denied. (Dkt No. 1 ¶ 18); *see Daly*, 2021 WL 229672 at *11 (reasoning that plaintiff's failure to allege that his FMLA request was denied was a basis for dismissal of the claim) (citing *Emmons v. City Univ. of New York*, 715 F. Supp.2d 394, 418 (E.D.N.Y. 2020)). Clearly, Plaintiff fails to adequately allege a claim for FMLA interference.

*FMLA Retaliation:*

To give rise to an inference of retaliation, a plaintiff must adequately plead that (1) they exercised FMLA protected rights; (2) they were qualified for their role; and (3) they suffered an adverse employment action (4) under circumstances which could "give[] rise to an inference of retaliatory intent." *Patel v. NYU Langone Hosps.*, 2021 WL 4852426, at *3 (2d Cir. 2021) (citing *Graziadio*, 817 F.3d at 429).

Plaintiff's complaint fails to meet the first pleading requirement because it does not establish he was eligible for leave, and therefore, he fails to allege that he was protected under the FMLA. (Dkt No. 1); *see Bernheim*, 2021 WL 2619706 at *6 (recommending dismissal of interference and retaliation claims where plaintiff's complaint fails to establish FMLA eligibility). Plaintiff's complaint also fails to set forth that Plaintiff is actually qualified for the role, or establish a nexus between his termination of employment and an inference that such

MINTZ & GOLD LLP
ATTORNEYS AT LAW

June 6, 2022
Page 3

termination of employment had a retaliatory intent. Plaintiff fails to plead a claim for FMLA retaliation.

## NYCHRL

The Second Circuit has recognized that when considering discrimination under the NYCHRL "the plaintiff need only show that [his] employer treated [him] less well, at least in part for a discriminatory reason." *Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.*, 715 F.3d 102, 110 n. 8 (2d Cir. 2013) (citing *Williams v. N.Y.C. Hous. Auth.*, 872 N.Y.S.2d 27, 38, 40 n.27 (1st Dept. 2009)).

Plaintiff fails to adequately plead discrimination. Plaintiff simply alleges that Plaintiff was replaced by an employee who did not take FMLA-protected or other caregiver-related leave. (Dkt No.1 ¶ 21.) Such a statement, even taken as true, does not address how other employees who took FMLA leave – to take care of a newly born/adopted child – were treated. *See Wells v. Achievement Network*, 2021 WL 810220, at *20 (S.D.N.Y. 2021) (indicating that similarly situated employees receiving favorable treatment could signal discrimination). As such, Plaintiff also fails to adequately plead claims arising under NYCHRL.

Pursuant to Your Honor's Individual Practice Rule 2B, Defendants' time to answer the Complaint is stayed until after the pre-motion conference is concluded. We thank the Court in advance for its attention to this matter and look forward to a conference to address briefing these deficiencies in Plaintiff's pleading prior to answering the Complaint.

Very truly yours,

*/s/ Ryan W. Lawler*

Ryan Lawler

cc: Hon. Naomi Reice Buchwald
(*Via Facsimile 212-805-7927*)