# MINTZ & GOLD LLP
### ATTORNEYS AT LAW

**600 THIRD AVENUE**
**25TH FLOOR**
**NEW YORK, NEW YORK 10016**

TELEPHONE (212) 696-4848
FACSIMILE (212) 696-1231
www.mintzandgold.com

STEVEN W. GOLD
STEVEN G. MINTZ*
JEFFREY D. POLLACK*
ELLIOT G. SAGOR
IRA LEE SORKIN
LON JACOBS
STEVEN A. SAMIDE
SCOTT A. KLEIN
TERENCE W. McCORMICK***
ROBERT B. LACHENAUER
ROGER L. STAVIS
CHARLES A. ROSS**
RICHARD M. BRESLOW
BARRY M. KAZAN*
CRAIG D. SPECTOR*
KEVIN M. BROWN
ALEXANDER H. GARDNER
HEATH LORING
PETER GUIRGUIS
ANDREW R. GOTTESMAN
MATTHEW S. SEMINARA
JULIA B. MILNE
RYAN W. LAWLER*
ADAM K. BRODY
ANDREW E. STECKLER
ALEX J. OTCHY*
CARLI M. ABERLE
ZACHARY J. TURQUAND
SITIE "ESTHER" TANG

*SENIOR COUNSEL*
JACK A. HORN
NOREEN E. COSGROVE
TIMOTHY J. QUILL, JR.

*OF COUNSEL*
HONORABLE VITO J. TITONE *(dec.)*
   (NY State Court of Appeals 1985-1998)
HARVEY J. HOROWITZ *(dec.)*
HONORABLE HOWARD MILLER
   (NY Appellate Div. 1999-2010 [ret.])
ALAN KATZ
ERIC M. KUTNER
MARC B. SCHLESINGER*
BRIAN T. SAMPSON
ERICA NAZARIAN
TARA SHAMROTH
JARED VAN VLEET
ANDREW P. NAPOLITANO♦

♦ADMITTED TO PRACTICE ONLY BEFORE ALL
   COURTS IN NEW JERSEY AND ALL FEDERAL COURTS
   IN NEW YORK CITY

*ALSO ADMITTED IN NEW JERSEY
**ALSO ADMITTED IN FLORIDA
***ALSO ADMITTED IN CALIFORNIA

July 22, 2022

**<u>Via ECF:</u>**

Hon. Naomi Reice Buchwald
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

   Re: *<u>Gadit v. Solomon Page Group, LLC</u>*, 1:22-cv-03875 (NRB)

Dear Judge Buchwald:

   We represent Defendants Solomon Page Group, LLC, and Signature Bank ("Defendants") in the above-captioned action. Pursuant to your Individual Practice Rules, Rule 2(E)(1), we write to outline the substantive argument of Defendants' Motion to Dismiss, attached herein, dated July 22, 2022. Furthermore, we would like to request that oral arguments be heard on this matter at the Court's earliest convenience.

   As discussed at the Court's June 30, 2022, pre-motion conference, wherein the Court granted Defendants' request to move to dismiss, Defendants move to dismiss Plaintiff's cause of action for Family Medical Leave Act ("FMLA") interference because Plaintiff's Amended Complaint fails to adequately plead a claim for FMLA interference. (Dkt. No. 18.) To set forth a *prima facie* case of *interference* a plaintiff must adequately plead that they (1) are eligible for leave; (2) their employer is covered under the FMLA; (3) they are entitled to take leave; (4) they

MINTZ & GOLD LLP
ATTORNEYS AT LAW

July 22, 2022
Page 2

gave notice of their intent to take leave; *and* (5) they were denied FMLA benefits. *See Greenberg v. State Univ. Hosp. Downstate Med. Cntr.*, 838 F. Appx. 603, 605 (2d Cir. 2020) (citing *Graziadio v. Culinary Inst. of Am.*, 817 F.3d 415, 424 (2d Cir. 2016)).

Plaintiff's Amended Complaint fails to establish that any of his FMLA-protected rights were denied. (Dkt. No. 18.) The only FMLA benefit mentioned in Plaintiff's Amended Complaint is FMLA leave. *See generally* (Dkt. No. 18.) However, Plaintiff's Amended Complaint does not put forth any allegations that Defendants denied, or otherwise restrained Plaintiff from taking FMLA leave. *See generally* (Dkt. No. 18.) In fact, Plaintiff confirms that he was allowed to take FMLA leave. (Dkt. No. 18 ¶ 18.) Allegations that an employee exercised an FMLA protected right and then was subsequently subjected to an adverse employment action, such as termination, bring rise to an FMLA retaliation claim, not a claim for interference. *Woods v. START Treatment & Recovery Ctrs., Inc.*, 864 F.3d 158, 166 (2d Cir. 2017) (drawing a distinction between "interference" and "retaliation" claims); *see also Greenberg v. State Univ. Hosp. – Downstate Med. Center*, 838 Fed. Appx. 603, 605 (2d Cir. 2020) (summary order); *Lievere v. JRM Construction Mgmt., LLC*, 2019 WL 457277, at *17 (S.D.N.Y. 2019). Therefore, Plaintiff's Amended Complaint (Dkt. No. 18) fails to adequately allege a claim for FMLA interference, and as such, the claim should be dismissed.

Very truly yours,

*/s/ Ryan W. Lawler*

Ryan Lawler