D. Maimon Kirschenbaum
JOSEPH KIRSCHENBAUM LLP
32 Broadway, Suite 601
New York, NY 10004
(212) 688-5640
(212) 981-9587 (fax)

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------------------------x
**BILAL GADIT,**       CASE NO. 22-CV-3875

      **Plaintiff,**

  v.

**THE SOLOMON PAGE GROUP, LLC, and**
**SIGNATURE BANK,**

      **Defendants.**
---------------------------------------------------------x


**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION**
**TO DEFENDANTS' PARTIAL MOTION TO DISMISS**


JOSEPH & KIRSCHENBAUM LLP
D. Maimon Kirschenbaum
Denise A. Schulman
32 Broadway, Suite 601
New York, NY 10004
212-688-5640

*Attorneys for Plaintiff*

I.      PRELIMINARY STATEMENT

Defendants' motion to dismiss Plaintiff's Amended Complaint should be denied, because Plaintiff's First Cause of Action remains even if Defendants were correct that there is no claim for interference. To be sure, Defendants admit that Plaintiff has stated a claim under the Family and Medical Leave Act ("FMLA"). They merely contend that the claim fits under a retaliation theory rather than an interference theory (both theories are plead in Plaintiff's First Cause of Action). However, because Defendants agree that Plaintiff has stated an FMLA claim, their motion to dismiss should be denied.

That said, even if the Court considers Plaintiff's FMLA interference claim independently, the Amended Complaint clearly states a claim under an interference legal theory. As alleged in his Amended Complaint, after Plaintiff took FMLA leave, Defendants refused to reinstate him to his previous position and instead terminated his employment. The Second Circuit has made it abundantly clear that reinstatement is a substantive right under the FMLA and that failure to reinstate is in fact interference with that right. *See* 29 U.S.C. § 2615(a)(1). To be sure the FMLA does, in fact, contain a *separate* prohibition of retaliation for opposing actions that violate the FMLA or participating in an inquiry or proceeding under the FMLA. 29 U.S.C. § 2615(a)(2), (b), But that does not change that failure to reinstate an employee who took FLMA leave – as Defendants did to Plaintiff – is a denial of FMLA benefits that violates the FMLA's interference provision. Defendants' motion to dismiss Plaintiff's interference claim flies directly in the face of Second Circuit precedent and the plain language of the FMLA. Thus, Defendants' motion should be denied.

## II. STATEMENT OF FACTS

Plaintiff worked for Defendants as an analyst at Signature Bank from approximately 2018 to March 2022. (Am. Compl. ¶ 6 (Dkt. No. 15).) In January 2022, Plaintiff requested FMLA leave. (*Id*. at ¶ 19.) Plaintiff subsequently took FMLA leave. (*Id*. at ¶ 18.) When Plaintiff attempted to return to work in March 2022, he learned that his employment had been terminated. (*Id*. at ¶ 20.) As is relevant to this motion, Plaintiff has asserted a claim for FMLA interference based on Defendants' failure to reinstate his employment at the end of his FMLA leave. (*Id*. at ¶¶ 21, 29.)

## III. ARGUMENT

On a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a court must "accept all factual allegations in the complaint as true and draw all reasonable inferences in [plaintiff's] favor." *Hayden v. Paterson*, 594 F.3d 150, 160 (2d Cir. 2010) (alteration in original, original quotation marks omitted). A complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

### A. Granting Defendants' Motion Would Not Dispose Of Any Claim

As an initial matter, Defendants' motion should be denied because they concede that the First Cause of Action, for FMLA Interference/Retaliation, states an FMLA claim. They simply contend that the claim sounds in retaliation and not interference. However, "federal pleading is by statement of claim, not by legal theory." *Flickinger v. Harold C. Brown & Co.*, 947 F.2d 595, 600 (2d Cir. 1991). "[T]he facts are what determines a party's claim and not the statute to which a plaintiff cites[.]" *Babcock v. Computer Assocs. Int'l.*, No. 00 CV 1648, 2006 U.S. Dist. LEXIS 95451, at *25 (E.D.N.Y. Mar. 28, 2006). Plaintiff has pled a single FMLA claim (Am. Compl.

First Claim for Relief), and Defendants do not contend that Plaintiff has insufficiently pled that the FMLA was violated. Rather, they assert that he proffered an incorrect theory of liability. However, there is no need for the Court to determine at this point which legal theory or theories apply to that claim. The crucial facts that will be the subject of discovery are virtually identical under either theory of liability. For this reason alone, Defendants' motion should be denied.

### B. Failure To Reinstate Is FMLA Interference

Even if the Court independently considers Plaintiff's FMLA interference claim, that claim is adequately pled under 29 U.S.C. § 2615(a)(1). 29 U.S.C. § 2615(a)(1) provides, "It shall be unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under this title." The elements of an FMLA interference claim are "1) that [the plaintiff] is an eligible employee under the FMLA; 2) that the defendant is an employer as defined by the FMLA; 3) that [the plaintiff] was entitled to take leave under the FMLA; 4) that [the plaintiff] gave notice to the defendant of her intention to take leave; and 5) that [the plaintiff] was denied benefits to which she was entitled under the FMLA." *Graziadio v. Culinary Inst. of Amer.*, 817 F.3d 415, 424 (2d Cir. 2016). The only element that Defendants contend is not adequately pled in the Amended Complaint is the fifth element: that Plaintiff was denied benefits to which he was entitled under the FMLA. (Defs.' Mem. at 2.)

"The FMLA guarantees two benefits to employees. First, an employee has a right to take leave for the treatment of a serious health condition. 29 U.S.C. § 2612(a)(1). . . . Second, an employee has a right to be reinstated to the former position or an equivalent position at the end of his or her leave. 29 U.S.C. § 2614(a)." *Hockenjos v. Metro. Transp. Auth.*, No. 14 CV 1679, 2016 U.S. Dist. LEXIS 65341, at *16-17 (S.D.N.Y. May 18, 2016), *aff'd* 695 F. App'x 15 (2d Cir. 2017); *Woods v. START Treatment & Recovery Ctrs., Inc.*, 864 F.3d 158, 166 (2d Cir. 2017) ("An

3

employee has the right [under the FMLA] to return to the position she held before taking leave, or to an equivalent position[.]") (internal quotation marks omitted). The only qualification to this right to reinstatement is that

> An employee has no greater right to reinstatement or to other benefits and conditions of employment than if the employee had been continuously employed during the FMLA leave period. An employer must be able to show that an employee would not otherwise have been employed at the time reinstatement is requested in order to deny restoration to employment.

29 C.F.R. § 825.216(a).

In *Woods v. START Treatment & Recovery Ctrs., Inc.*, the Second Circuit explicitly recognized that the failure to reinstate an employee following FMLA leave is a denial of FMLA benefits: "FMLA rights have two parts – the right to take leave and the right to reinstatement, so terminating an employee who has taken leave is itself an outright denial of FMLA rights." 864 F.3d at 167. Defendants' contention that *Woods* bars interference claims based on a failure to reinstate is wrong. *Woods* did not involve an employer who failed to reinstate an employee at the conclusion of FMLA leave.[1] The plaintiff in *Woods* returned to work after her FMLA leave and was fired 19 days later. 864 F.3d at 163-64. Accordingly, unlike the instant case, in *Woods* there was no interference claim based on a failure to reinstate because the employee had been reinstated. Moreover, *Woods* absolutely did not hold that a failure to reinstate an employee cannot support an interference claim. On the contrary, as noted above, *Woods* expressly states that the FMLA *does* provides a right of reinstatement, the denial of which gives rise to an interference claim. 864 F.3d

---

[1] Similarly, neither *Greenberg v. State Univ. Hosp.-Downstate Med. Ctr.*, 838 F. App'x 603 (2d Cir. 2020), nor *Lievre v. JRM Constr. Mgmt., LLC*, 17 CV 4439, 2019 U.S. Dist. LEXIS 161449 (S.D.N.Y. Sept. 20, 2019), cited by Defendants, involved an employer's refusal to reinstate an employee after FMLA leave. *Greenberg v. State Univ. Hosp.-Downstate Med. Ctr.*, No. 15 CV 2343, 2019 U.S. Dist. LEXIS 167956, at *14-28 (E.D.N.Y. Sept. 29, 2019) (only potential FMLA leave days were September 4, 5, and 23, 2014, and plaintiff's employment continued after those dates); *Lievre*, 2019 U.S. Dist. LEXIS 161449, at *12-17. Thus, those cases are inapposite. In addition, the *Lievre* court did not decide whether the plaintiff's FMLA claim was properly treated as an interference or retaliation claim, finding instead that the claim would fail either way. *Id.* at *40-42.

at 166. *Woods* further holds that retaliation claims based on the type of facts alleged in the Amended Complaint – *i.e.*, an employee who was terminated because he took FMLA leave, as opposed to an employee who is fired for complaining about the employer's failure to approve FMLA leave – are in fact interference claims. *Id*. at 167.

Even before the Second Circuit decided *Woods*, courts repeatedly found that a plaintiff can satisfy the fifth element of an interference claim by establishing that the employer failed to reinstate him at the end of his FMLA leave. *E.g.*, *Wannamaker v. Town of Westport Bd. of Educ.*, 11 F. Supp. 3d 51, 69 (D. Conn. 2014); *Gillingham v. Geico Direct*, No. 06 Civ. 2915, 2008 U.S. Dist. LEXIS 4169, at *7-11 (E.D.N.Y. Jan. 18, 2008); *Roberts v. Ground Handling, Inc.*, 499 F. Supp. 2d 340, 355 (S.D.N.Y. 2007); *Gauthier v. Yardney Tech. Prods.*, No. 05 CV 1362, 2007 U.S. Dist. LEXIS 67448, at *13 (D. Conn. Sept. 13, 2007). To be sure, "[a] number of decisions by courts in the Second Circuit have recognized that an interference claim may be stated when an employer refuses to allow an employee to return to the position they held, including in circumstances were the plaintiff had been provided the full amount of requested medical leave." *Marshall v. Starbucks Corp.*, No. 11 Civ. 2521, 2012 U.S. Dist. LEXIS 205037, at *6 (S.D.N.Y. Sept. 17, 2012) (Nathan, J.) (collecting cases). These cases are entirely consistent with the holding in *Woods*, for the reasons discussed *supra*.

Consistent with the foregoing authorities, the Amended Complaint adequately pleads that Defendants denied Plaintiff a benefit to which he was entitled under the FMLA by alleging that Defendants refused to reinstate his employment at the end of his FMLA leave. (Am. Compl. ¶¶ 20-21.)

## IV. CONCLUSION

For the foregoing reasons, Defendants' motion should be denied.

Dated: New York, New York  
      August 5, 2022

Respectfully submitted,  
JOSEPH & KIRSCHENBAUM LLP

By: */s/ D. Maimon Kirschenbaum*

D. Maimon Kirschenbaum  
32 Broadway, Suite 601  
New York, NY 10004  
Tel: (212) 688-5640  
Fax: (212) 981-9587