**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

BILAL GADIT,

                              Plaintiff,

        -against-


THE SOLOMON PAGE GROUP, LLC, AND
SIGNATURE BANK,

                              Defendants.

---

Case No.: 1:22-cv-03875 (NRB)

**ORAL ARGUMENT REQUESTED**

**MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S CLAIM FOR FMLA INTERFERENCE**

Ryan W. Lawler
Mintz & Gold LLP
600 Third Avenue, 25th Floor
New York, New York 10016
(212) 696-4848
lawler@mintzandgold.com
*Attorneys for the Defendants*

This is Defendants' reply to Plaintiff's Opposition ("Plaintiff's Opposition") to Defendants' Motion to Dismiss Plaintiff's Claim for FMLA Interference ("Defendants' Motion" or "Motion") (Dkt. No. 21). Defendants, pursuant to Federal Rules of Civil Procedure 12(b)(6), seek an Order dismissing Plaintiff's Amended Complaint as it relates to Plaintiff's cause of action for FMLA interference.

## PRELIMINARY STATEMENT

Plaintiff's claim for FMLA interference in the Amended Complaint should be dismissed because Plaintiff fails to adequately plead FMLA interference. Although Plaintiff contends that Defendants' Motion should be denied because Plaintiff only brings one general claim for relief for FMLA violations, the Amended Complaint asserts two specific legal theories — FMLA interference and FMLA retaliation — to support Plaintiff's claim for relief. (Dkt. No. 21.) Plaintiff asserts that it is inappropriate to dismiss, what he argues, is just a legal theory at this point of the case, but Plaintiff's contention fails; dismissal at the outset is appropriate. *Id.*

Plaintiff's argument fails for two reasons. First, courts are permitted to grant motions to dismiss in part and have done so in the context of FMLA interference/retaliation claims. *See Hill v. City of New York,* 136 F. Supp.3d 304, 322-23, 360 (E.D.N.Y. 2015)*, amended on diff. grounds¸ Hill v. City of New York,* 2019 WL 1900503 (E.D.N.Y. 2019) (granting defendant's motion to dismiss as to plaintiff's FMLA interference claim based on certain facts, while denying defendant's motion as to FMLA retaliation claim, *even* though both were asserted as the same cause of action). Second, courts have consistently drawn the distinction between FMLA interference and FMLA retaliation claims. Therefore, it is more than appropriate to dismiss Plaintiff's claim for FMLA interference even though it is asserted in the same claim for relief as Plaintiff's FMLA retaliation claim. Because Plaintiff's Amended Complaint fails to adequately

plead a claim for FMLA interference, and courts can dismiss individual claims asserted under one claim for relief, Defendants' motion should be granted.

**ARGUMENT**

**POINT I**

**PLAINTIFF'S CLAIM FOR FMLA INTERFERENCE SHOULD BE DISMISSED UNDER 12(b)(6) BECAUSE IT IS INADEQUATELY PLED, LACKS LEGAL MERIT, AND THE COURT HAS THE POWER TO DISMISS INDIVIDUAL CLAIMS ASSERTED UNDER ONE CLAIM FOR RELIEF**

Defendants' motion should be granted because Plaintiff's Amended Complaint (Dkt. No. 15) inadequately pleads a claim for FMLA interference and the Court is permitted to dismiss a claim for FMLA interference even if it is alleged under a more general claim for relief for FMLA violations.

**A. Failure to Adequately Plead a Claim for FMLA Interference**

Plaintiff continues to incorrectly assert that failure to reinstate an employee following FMLA leave gives rise to a claim for FMLA interference. However, as stated in Defendants' Motion, courts draw a sharp distinction between claims for FMLA interference and FMLA retaliation. (*See* Dkt. No. 20, p. 3.)[1] FMLA interference claims arise when an employer prevents an employee's ability to exercise their FMLA protected rights, whereas claims for FMLA retaliation arise when an employee exercises their FMLA protected right and then is subjected to an adverse employment action, such as termination. *Woods* 864 F.3d at 166; *see also Greenberg*,

---

[1] *Woods v. START Treatment & Recovery Ctrs., Inc.*, 864 F.3d 158, 166 (2d Cir. 2017) (drawing a distinction between "interference" and "retaliation" claims, explaining that "interference" claims are appropriate where an employer has prevented or otherwise impeded an employee's ability to exercise FMLA rights, whereas "retaliation" claims involve an employee exercising an FMLA protected right and subsequently being subjected to an adverse employment action); *see also Greenberg v. State Univ. Hosp. – Downstate Med. Center*, 838 Fed. Appx. 603, 605 (2d Cir. 2020) (summary order); *Lievere v. JRM Construction Mgmt., LLC*, 2019 WL 457277, at *16 (S.D.N.Y. 2019) (discussing that several courts in the Circuit have cautioned that FMLA interference claims based on failure to reinstate should be considered retaliation claims, not interference claims).

838 Fed. Appx. at 605; *Lievere*, 2019 WL 457277 at \*16. Plaintiff alleges that he was terminated following his FMLA leave (Dkt. No. 15 ¶ 20); allegations which clearly fit into the category of FMLA retaliation, not interference. *Id.*

Furthermore, Plaintiff falsely asserts that "Defendants' conten[d] that *Woods* bars interference claims based on a failure to reinstate" (*see* Dkt. No. 21, p. 4). (*See* Dkt. No. 20.) In Defendants' Motion, Defendants' merely note that the court in *Woods* specifically stated that being terminated for taking FMLA leave gives rise to an FMLA retaliation claim. *Woods*, 864 F.3d at 167.

Moreover, Plaintiff continues to misconstrue *Woods*, stating it holds that employees who were terminated for taking FMLA leave have a claim for FMLA interference. *(See* Dkt. No. 21, p. 4). Despite Plaintiff's misreading of *Woods*, the court in *Woods* is more than clear that it stands for no such proposition. (*See* Dkt. No. 20, p. 3, n. 1.)[2]

Additionally, in Plaintiff's Opposition, he asserts that because the cases Defendants cite to in our Motion do not involve a failure to reinstate, citing to them was "inapposite," and as such, Plaintiff seems to imply the distinction the courts drew between FMLA interference and FMLA retaliation claims cannot apply in this case. (Dkt. No. 21, p. 4, n. 1). Plaintiff's argument is preposterous. Courts have never required that parties only cite to cases which have analogous facts when citing to them for their broad statements of law.

Lastly, in Plaintiff's Opposition, he cites to numerous cases in support of his implausible argument that a failure to reinstate qualifies as FMLA interference. (*See* Dkt. No. 21.) However, all of the cases Plaintiff cites to precede *Woods*, which Plaintiff, himself, argues is controlling law (*see* Dkt. No. 18, p. 2).[3] In *Woods*, and several cases decided since, courts continue to draw

---

[2] *Woods*, 864 F.3d at 167.
[3] *See generally Woods*, 864 F.3d 158

the distinction between FMLA interference and FMLA retaliation. (*See* Dkt. No. 20.)[4] Thus, the cases Plaintiff cites to in his Opposition (Dkt. No. 21) lack persuasive value.

Simply, Plaintiff's Amended Complaint inadequately pleads a claim for FMLA interference, and therefore, Plaintiff's FMLA interference claim should be dismissed.

## B. Courts are Permitted to Grant Motions to Dismiss in Part

Plaintiff also asserts that Defendants' Motion should be denied because Plaintiff pled a single claim for relief for FMLA violations, and Defendants do not contest that Plaintiff has insufficiently pled that Plaintiff's FMLA-protected rights were violated. (*See* Dkt. No. 21.) Again, Plaintiff's argument fails. Courts often grant motions to dismiss in part, even when two legal theories are asserted under one cause of action. *See Hill v.* 136 F. Supp.3d at 322-23, 360. Furthermore, as discussed in Defendants' Motion and above, there is a clear distinction between FMLA interference and FMLA retaliation, and Plaintiff inadequately plead a claim for FMLA interference. *See In re American Express*, 343 F. Supp.3d 94, 100 (E.D.N.Y. 2018) ("[A] plaintiff bringing multiple claims under one legal cause of action cannot simply collapse all of his distinct claims into one central 'count,' thereby proofing his complaint from a partial motion to dismiss."). Therefore, the court should exercise its powers and dismiss Plaintiff's claim for FMLA interference.

---

[4] *Woods* 864 F.3d at 166; *see also Greenberg*, 838 Fed. Appx. at 605; *Lievere*, 2019 WL 457277 at *16.

## CONCLUSION

For all of the reason set forth above, and in Defendants' Motion, it is respectfully

requested that this Court dismiss Plaintiff's claim for FMLA interference, pursuant to FRCP

12(b)(6).

Dated: New York, New York
        August 12, 2022

MINTZ & GOLD LLP


/s/ Ryan Lawler
Ryan W. Lawler
600 Third Avenue, 25th Floor
New York, New York 10016
(212) 696-4848
lawler@mintzandgold.com
*Attorneys for Defendants*