**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **BILAL GADIT**,<br><br>                     **Plaintiff**,<br><br>     v.<br><br>**THE SOLOMON PAGE GROUP, LLC, and**<br>**SIGNATURE BANK,**<br><br>                **Defendants.** | No. 1:22-cv-03875 (NRB)<br><br>**ANSWER TO**<br>**AMENDED**<br>**COMPLAINT** |

<u>**DEFENDANTS' ANSWER TO PLAINTIFF'S AMENDED COMPLAINT**</u>

       Defendants the Solomon Page Group, LLC ("SPG") and Signature Bank ("Signature") (collectively, the "Defendants"), by and through their attorneys, Mintz & Gold LLP, respond to the corresponding numbered allegations contained in Plaintiff, Bilal Gadit's ("Plaintiff" or Gadit"), Amended Complaint, filed in the above-captioned matter on June 9, 2022 ("Complaint"), as follows:

<u>**JURISDICTION AND VENUE**</u>

       1.        Paragraph 1 of the Complaint calls for a legal conclusion to which no response is required. Plaintiff purports to bring this action against Defendants, alleging retaliation in violation of the Family and Medical Leave Act ("FMLA"), and discrimination claims under the New York City Human Rights Law ("NYCHRL"). Defendants deny the remainder of the allegations contained in Paragraph 1 of to the extent that Plaintiff alleges that he brings this action under 28 U.S.C. §§ 2601, et seq., as that is not the U.S. Code Title number corresponding to the FMLA. Defendants deny the allegations contained in Paragraph 1 to the extent that Plaintiff alleges he brings claims of interference in violation of the FMLA, as Judge

Buchwald confirmed, in her Order issued February 23, 2023, that Plaintiff's FMLA claim can only proceed under 29 U.S.C. § 2615(a)(1).

2.       Paragraph 2 of the Complaint calls for a legal conclusion to which no response is required. To the extent that a response is required, Defendants deny the allegations contained in Paragraph 2 of the Complaint.

3.       Paragraph 3 of the Complaint calls for a legal conclusion to which no response is required. To the extent that a response is required, Defendants deny the allegations contained in Paragraph 3 of the Complaint.

## **PARTIES**

4.       Defendant SPG admits the allegations contained in Paragraph 4 of the Complaint.

5.       Defendant Signature admits the allegations contained in Paragraph 5 of the Complaint.

6.       Paragraph 6 of the Complaint calls for a legal conclusion to which no response is required. To the extent that a response is required, Defendants deny the allegations contained in Paragraph 6 of the Complaint.

7.       Defendants admit the allegations contained in Paragraph 7 of the Complaint.

8.       Defendants deny the allegations contained in Paragraph 8 of the Complaint because Signature extended Plaintiff temporary employment.

9.       Paragraph 9 of the Complaint calls for a legal conclusion to which no response is required. To the extent that a response is required, Defendants deny the allegations contained in Paragraph 9 of the Complaint.

10.     Paragraph 10 of the Complaint calls for a legal conclusion to which no response is required. To the extent that a response is required, Defendants deny the allegations contained in Paragraph 10 of the Complaint.

11.     Paragraph 11 of the Complaint calls for a legal conclusion to which no response is required. To the extent that a response is required, Defendants admit the allegations set forth in Paragraph 11 of the Complaint.

12.     Defendants admit the allegations contained in Paragraph 12 of the Complaint to the extent that he received assignments from Signature, but deny knowledge or information sufficient to form a basis as to the truth of the remainder of the allegations set forth therein.

13.     Defendants admit the allegations contained in Paragraph 13 of the Complaint to the extent that Signature reviewed Plaintiff's work, but deny knowledge or information sufficient to form a basis as to the truth of the remainder of the allegations set forth therein.

14.     The allegations set forth in Paragraph 14 of the Complaint call for a legal conclusion to which no response is required. To the extent that a response is required, Defendants deny the allegations.

## **FACTS**

15.     Defendants deny the allegations contained in Paragraph 15 of the Complaint, in that Plaintiff was a temporary employee.

16.     Defendants deny the allegations contained in Paragraph 16 of the Complaint.

17.     Defendants lack sufficient knowledge and/or information to form a belief as to the truth of the allegations contained in Paragraph 17 of the Complaint.

18.     Defendants admit that Plaintiff took FMLA leave, but deny knowledge or information sufficient to form a basis as to the truth of the remainder of the allegations contained in Paragraph 18 of the Complaint.

19.     Defendants deny the allegations contained in Paragraph 19 of the Complaint.

20.     Defendants deny that Plaintiff's position at Signature was terminated because his temporary position ended and further deny the remainder of the allegations contained in Paragraph 20 of the Complaint.

21.     Defendants deny the allegations contained in Paragraph 21 of the Complaint.

22.     Defendants deny the allegations contained in Paragraph 22 of the Complaint.

23.     Defendants lack knowledge and/or information to form a belief as to the truth of the allegations contained in Paragraph 23 of the Complaint concerning Plaintiff's current employment status and dispute that Plaintiff has made diligent efforts to secure employment, as Plaintiff alleges in Paragraph 23 of the Complaint.

24.     Defendants deny the allegations contained in Paragraph 24 of the Complaint.

**<u>FIRST CLAIM FOR RELIEF</u>**
**(FMLA Retaliation and Interference with FMLA Leave – 29 U.S.C. §6501 *et seq.*)**

25.     Defendants repeat and re-allege their answers to Paragraphs 1-24 as if fully set forth here in response to Paragraph 25.

26.     The allegations contained in Paragraph 26 are legal conclusions to which no response is required.

27.     The allegations contained in Paragraph 27 are legal conclusions to which no response is required.

28.     The allegations contained in Paragraph 28 are legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations contained in Paragraph 28 of the Complaint.

29.     The allegations contained in Paragraph 29 are legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations contained in Paragraph 29. Moreover, as previously stated in Paragraph 1 of this Answer, Plaintiff can only proceed under 29 U.S.C. § 2615(a)(1).

30.     The allegations contained in Paragraph 30 are argument to which no response is required. The allegations contained in Paragraph 30 are also legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations contained in Paragraph 30 of the Amended Complaint.

31.     The allegations contained in Paragraph 31 are legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations contained in Paragraph 31 of the Complaint.

## SECOND CLAIM FOR RELIEF
### (New York City Human Rights Law ("NYCHRL") N.Y.C. Admin. Code §§8-101 *et seq.* – Discrimination)

32.     Defendants repeat and re-allege their answers to Paragraphs 1-31 as if fully set forth here in response to Paragraph 32.

33.     The allegations contained in Paragraph 33 are argument and call for legal conclusions, neither of which require a response. To the extent that a response is required Defendants deny the allegations contained in Paragraph 33 of the Complaint.

34.      The allegations contained in Paragraph 34 are argument and call for legal conclusions, neither of which require a response. To the extent that a response is required, Defendants deny the allegations contained in Paragraph 34 of the Complaint.

35.      The allegations contained in Paragraph 35 are argument and call for legal conclusions, neither of which require a response. To the extent that a response is required, Defendants deny the allegations contained in Paragraph 35 of the Complaint.

36.      The allegations contained in Paragraph 36 call for legal conclusions, to which no response is required. To the extent that a response is required, Defendants deny the allegations contained in Paragraph 36 of the Complaint.

## PRAYER FOR RELIEF

The prayer for relief section, which consists of Paragraphs (A)-(C), contains a request for relief to which no response is required. To the extent that a response is required, Defendants deny that Plaintiff is entitled to any of the relief he seeks.

## DEMAND FOR A JURY TRIAL

The demand for a jury trial section calls for legal conclusions to which no response is required. To the extent that a response is required, Defendants deny that Plaintiff has a right to a jury trial. Notwithstanding the foregoing, Defendants request and reserve their right to trial by jury.

## AFFIRMATIVE AND OTHER DEFENSES

Defendants assert the following affirmative and other defenses.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a cause of action against the Defendants upon which relief can be granted.

**<u>AS AND FOR A SECOND AFFIRMATIVE DEFENSE</u>**

Plaintiff's claims are barred, in whole or in part, he is not a qualifying employee under the FMLA or NYCHR Law.

**<u>AS AND FOR A THIRD AFFIRMATIVE DEFENSE</u>**

Plaintiff's claims are barred, in whole or in part, by the Statute of Limitations.

**<u>AS AND FOR A FOURTH AFFIRMATIVE DEFENSE</u>**

Plaintiff fails to plead facts that give rise to a reasonable inference of alleged discrimination under applicable law.

**<u>AS AND FOR A FIFTH AFFIRMATIVE DEFENSE</u>**

To the extent Plaintiff has allegedly suffered, or suffers in the future, any losses or damages, such harm was caused, in whole or in part, by the intentional or negligent acts, omissions, or misconduct of Plaintiff himself in failing to acquire new employment.

**<u>AS AND FOR A SIXTH AFFIRMATIVE DEFENSE</u>**

Plaintiff's claims are barred, in whole or in part, by the doctrine of estoppel, laches and/or unclean hands.

**<u>AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE</u>**

If Plaintiff sustained, or sustains, damages as alleged in the Complaint, his damages were caused, in whole or in part, by Plaintiff's failure to mitigate damages, and the amount recoverable should be reduced by such amounts as attributable to Plaintiff's failure to mitigate.

**<u>AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE</u>**

Plaintiff is precluded from recovering the relief requested in the Complaint because the damages alleged are too vague, ambiguous, excessive, unreasonable, uncertain, and speculative to permit recovery.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

Plaintiff is precluded from recovering the relief requested in the Complaint, in whole or in part, because awarding such relief would result in Plaintiff's unjust enrichment.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

Plaintiff's alleged inability to acquire new employment is due to no fault of Defendants, and entirely the result of Plaintiff failing to actively seek employment and make diligent efforts thereto. Defendants cannot be held responsible for Plaintiff's failure to diligently pursue employment. Indeed, Plaintiff has been actively offered new employment and refused to pursue such new employment through no fault of Defendants.

Dated:    New York, New York
          March 9, 2023

                                    MINTZ & GOLD LLP

                                    Ryan W. Lawler
                                    Zachary J. Turquand
                                    600 Third Avenue, 25th Floor
                                    New York, New York 10016
                                    Tel:   (212) 696-4848
                                    Fax:   (212) 696-1231
                                    lawler@mintzandgold.com
                                    turquand@mintzandgold.com
                                    *Attorneys for Defendants*

8