**FDIC**

**Federal Deposit Insurance Corporation**
3501 Fairfax Drive, Arlington, VA  22226-3500

Legal Division

May 4, 2023

<u>VIA ECF</u>

The Honorable Naomi Reice Buchwald
United States District Court Judge, Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY  10007

Subject:   *Bilal Gadit v. The Solomon Page Group, LLC and FDIC as Receiver for Signature Bank*, No. 1:22-CV-03875 (NRB)
Request for a Pre-Motion Conference filed by the FDIC as Receiver for Signature Bank to Stay All Judicial Proceedings

Dear Judge Buchwald:

I am Counsel with the Federal Deposit Insurance Corporation ("FDIC") and represent the FDIC as Receiver for Signature Bank ("FDIC-Receiver) in this action. The FDIC-Receiver requests a pre-motion conference so that it may file a Motion to Stay All Judicial Proceedings as to all parties (i) pending the completion by Plaintiff of the administrative claims process mandated by the Financial Institutions Reform, Recovery and Enforcement Act ("<u>FIRREA</u>"), as codified at 12 U.S.C. § 1821(d), or (ii) in the alternative, for ninety (90) days pursuant to the mandatory stay provision in 12 U.S.C. § 1821(d)(12)(B). The FDIC-Receiver submits this letter pursuant to Your Honor's Individual Practices Rule 2(B), which requires parties to submit a letter setting forth the basis for the anticipated motion.

<u>Background</u>

On March 12, 2023, the New York State Department of Financial Services closed Signature

Bank ("Bank") and appointed the FDIC as the Bank's receiver. As a result of that appointment and pursuant to 12 U.S.C. § 1821(d)(2)(A), the FDIC-Receiver succeeded by operation of law to all the rights, titles, powers, and privileges of the Bank. The FDIC-Receiver is now charged with the duty of winding up the Bank's affairs and resolving all outstanding claims against the Bank, including the claims in this action. See 12 U.S.C. §§ 1821(d)(2)(A)(i), 1821(d)(3).

Administrative Claims Process Stay

FIRREA establishes a mandatory administrative claims process so that the FDIC can efficiently determine creditors' claims. See 12 U.S.C. §§ 1821(d)(3)-(13). To ensure that all claimants comply with the administrative claims process, Congress included a jurisdictional bar in FIRREA. Specifically, Section 1821(d)(13)(D) bars the jurisdiction of all courts over all receivership claims unless jurisdiction is otherwise provided in Section 1821(d). The only jurisdiction "otherwise provided" in 12 U.S.C. § 1821(d) is contained in Section 1821(d)(6)(A), which provides for federal court adjudication of claims only <u>after</u> timely exhaustion of the statutory claims procedure. 12 U.S.C. §§ 1821(d)(6)(A). Here, Plaintiff's claims against the Bank seek to recover damages from assets of the Signature Bank receivership estate and they relate to the Bank's alleged acts or omissions. See Dkt. No. 15, Amended Complaint, at ¶¶ 30-31, 34-36. Accordingly, those claims must be exhausted. Entry of an order staying this action would enable the Plaintiff to complete the mandatory claims process.

<u>Alternative 90-Day Stay</u>

If the Court does not grant a stay of judicial proceedings pending the completion of the mandatory claims process, the FDIC-Receiver alternatively requests a ninety (90)-day stay of these proceedings. Pursuant to 12 U.S.C. § 1821(d)(12)(A)(ii), the FDIC-Receiver may request "a stay for a period not to exceed ninety (90) days . . . in any judicial action or proceeding to which the Receiver is or becomes a party." The granting of the ninety-day stay is mandatory under 12 U.S.C. § 1821(d)(12)(B).

<u>Conclusion</u>

The FDIC-Receiver respectfully requests that the Court schedule a pre-motion conference and permit the FDIC-Receiver to file its Motion to Stay All Judicial Proceedings as to all parties (i) pending the completion by the Plaintiff of the administrative claims process mandated by FIRREA, as codified at 12 U.S.C. § 1821(d), or (ii) in the alternative, for ninety (90) days pursuant to 12 U.S.C. § 1821(d)(12)(B).

Sincerely,

/s/

Anne M. Devens, FDIC Counsel
FDIC Legal Division


Cc: All Counsel of Record via ECF